IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>MARCUS GREEN,<br><br>　　　　　Defendant. | 4:23CR3055<br><br>FINDINGS, RECOMMENDATION, AND ORDER |

Defendant moves to suppress evidence obtained during a traffic stop that occurred in Lincoln, Nebraska on July 1, 2022. ([Filing No. 29](#)). For the reasons discussed below, and as explained to the defendant at the hearing, the motion to suppress should be denied.

## FINDINGS OF FACT

Having thoroughly reviewed the video recording of the traffic stop and after observing and hearing the witnesses as they testified, the court finds the following facts are credible.

On July 1, 2022, Lincoln Police Department (LPD) officers, including LPD Gang Investigator Joseph Villamonte, conducted surveillance on a house in Lincoln, Nebraska. The officers believed Defendant, a suspect in a shooting incident that occurred the previous night, was possibly in that residence. A witness identified Defendant—by both first name and "TeTe," his nickname—as involved in the shooting. The witness' statements were corroborated by LPD's investigation of Defendant and their collective knowledge of his prior conduct and criminal history.

At approximately 1:40 p.m., people exited the residence under surveillance, and they drove off in a white vehicle. Investigator Villamonte could not clearly see if Defendant was among the people in the white vehicle. So, he followed the vehicle as it drove eastbound on A street. Two LPD officers followed Villamonte's vehicle, a maroon unmarked vehicle followed by a marked police cruiser.

As the vehicles approached the corner of 13th and A streets, Villamonte noticed the light was changing from green to yellow. Assuming the white vehicle would slow and then stop at the intersection as the light turned red, Villamonte drove his vehicle into the north turn lane so he would be parked beside and adjacent to the white vehicle while stopped at the red light and waiting for it to turn green. Villamonte believed that from that vantage point, he would be able to see if Defendant was in the vehicle. If Defendant was in the vehicle, he intended to stop the vehicle based on reasonable suspicion that an occupant was engaged in criminal activity.

Nick Green was driving the white vehicle at a speed of approximately 20 miles per hour as he approached the intersection of 13th and A. The traffic light turned yellow before he reached the intersection of 13th and A, and sufficiently in advance of the intersection for Nick Green to stop without entering the intersection on a red light. However, rather than reduce his speed when the light turned yellow, he sped up to avoid stopping and drove through the intersection while the light was red. Villamonte radioed to the other officers that the white vehicle had run the red light. The maroon unmarked vehicle moved to the side, allowing the marked police vehicle to initiate a traffic stop. Defendant was a passenger in the vehicle driven by Nick Green.

2

When Villamonte approached the white vehicle during the traffic stop, he smelled the odor of burnt marijuana. The vehicle was searched. Incriminating evidence was found, and Defendant was arrested.

ANALYSIS

Defendant claims his Fourth Amendment rights were violated because the traffic stop was illegal. "[A]ny traffic violation, no matter how minor, is sufficient to provide an officer with probable cause" to stop a vehicle. United States v. Gonzalez-Carmona, 35 F.4th 636, 640 (8th Cir. 2022). If a traffic violation occurred, the stop is valid even if conducted as a pretext for performing a different investigation. The officer's subjective motivation for conducting the stop is irrelevant. United States v. Sallis, 507 F.3d 646, 649 (8th Cir. 2007).

Here, Nick Green could have slowed when the traffic light turned yellow and safely stopped at the 13th and A intersection before the light turned red. Instead, he accelerated while the light was yellow, and the light turned red as he entered or was driving through the intersection. By doing do, Nick Green violated Neb. Rev. Stat. §§ 60-6,123 (2)(a) and (3)(a). The traffic stop was legal, and the motion to suppress should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, Senior United States District Court Judge, pursuant to 28 U.S.C. § 636(b), that the motion to suppress filed by the defendant (Filing No. 29) be denied.

The defendant is notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

3

IT IS ORDERED:

A telephonic conference with counsel will be held before the undersigned magistrate judge at 11:00 a.m. on October 11, 2023 to discuss setting this case either for a change of plea hearing or for trial, with all associated expert witness disclosure deadlines. Counsel for all parties shall use the conferencing instructions provided by the court to participate in the call.

Dated this 21st day of September, 2023.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge